UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CHELSIE MARIE ROBINSON,

Plaintiff,

Case: 1:26–cv–03922
Assigned To : Unassigned
Assign. Date : 11/3/2026
Description: Pro Se Gen. Civ. (F–DECK)

v.

FEDERAL ENERGY REGULATORY COMMISSION (FERC);

MARK CHRISTIE, in his official capacity as Chairman of FERC;

NORTH AMERICAN ELECTRIC RELIABILITY CORPORATION (NERC);

U.S. DEPARTMENT OF ENERGY (DOE);

CHRIS WRIGHT, in his official capacity as Secretary of Energy;

U.S. CONSUMER PRODUCT SAFETY COMMISSION (CPSC);

OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION (OSHA);

AMERICAN ELECTRIC POWER (AEP) / OHIO POWER COMPANY;

DUKE ENERGY OHIO;

FIRSTENERGY / OHIO EDISON / TOLEDO EDISON / CLEVELAND ELECTRIC

ILLUMINATING COMPANY;

AES OHIO;

APPALACHIAN POWER;

MONONGAHELA POWER COMPANY;

POTOMAC EDISON COMPANY;

DOMINION ENERGY VIRGINIA; VIRGINIA ELECTRIC AND POWER COMPANY;

RECEIVED
NOV 03 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

REPUBLICAN POWER;

PNM RESOURCES / PUBLIC SERVICE COMPANY OF NEW MEXICO;

EL PASO ELECTRIC;

SOUTHWESTERN PUBLIC SERVICE COMPANY / XCEL ENERGY;

ARIZONA PUBLIC SERVICE COMPANY (APS);

SALT RIVER PROJECT (SRP);

TUCSON ELECTRIC POWER (TEP);

UNS ELECTRIC, INC.;

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. (CON EDISON);

NEW YORK STATE ELECTRIC & GAS (NYSEG); ROCHESTER GAS AND ELECTRIC (RG&E);

NATIONAL GRID USA / NIAGARA MOHAWK POWER CORPORATION;

ORANGE AND ROCKLAND UTILITIES;

CENTRAL HUDSON GAS & ELECTRIC;

NEW YORK POWER AUTHORITY (NYPA);

LONG ISLAND POWER AUTHORITY (LIPA);

AMEREN MISSOURI;

TENNESSEE VALLEY AUTHORITY (TVA);

NASHVILLE ELECTRIC SERVICE (NES);

MEMPHIS LIGHT, GAS AND WATER (MLGW); KNOXVILLE UTILITIES BOARD (KUB);

AES CORPORATION;

ALLIANT ENERGY;

ALLETE, INC.;

AMEREN CORPORATION;

AVANGRID;

AVISTA CORPORATION;

BLACK HILLS CORPORATION;

CENTERPOINT ENERGY;

CMS ENERGY;

CONSTELLATION ENERGY;

DOMINION ENERGY;

DTE ENERGY;

EDISON INTERNATIONAL;

ENTERGY CORPORATION;

EVERGY;

EVERSOURCE ENERGY;

EXELON CORPORATION;

HAWAIIAN ELECTRIC;

IDACORP;

MGE ENERGY; MDU RESOURCES;

NEXTERA ENERGY; NISOURCE;

NORTHWESTERN ENERGY;

NRG ENERGY;

OGE ENERGY;

OTTER TAIL CORPORATION;

PACIFIC GAS AND ELECTRIC COMPANY (PG&E);

PINNACLE WEST;

PORTLAND GENERAL ELECTRIC;

PPL CORPORATION;

PSEG;

PUGET SOUND ENERGY;

SEMPRA;

SOUTHERN COMPANY;

TECO ENERGY;

TXNM ENERGY;

UNITIL;

VISTRA CORP;

WEC ENERGY GROUP;

XCEL ENERGY; AMBIT ENERGY;

CALPINE CORPORATION; DIRECT ENERGY;

GRIDISY ENERGY;

NORTH AMERICAN POWER;

BONNEVILLE POWER ADMINISTRATION (BPA);

WESTERN AREA POWER ADMINISTRATION (WAPA);

SOUTHEASTERN POWER ADMINISTRATION (SEPA);

SOUTHWESTERN POWER ADMINISTRATION (SWPA);

LOS ANGELES DEPARTMENT OF WATER AND POWER (LADWP);

LONG ISLAND LIGHTING COMPANY (LILCO);

LAFAYETTE UTILITIES SYSTEM;

CAJUN ELECTRIC POWER COOPERATIVE; OWENSBORO MUNICIPAL UTILITIES;

CPS ENERGY;

AUSTIN ENERGY;

SMUD;

SEATTLE CITY LIGHT;

JEA;

ORLANDO UTILITIES COMMISSION;

PREPA; PJM INTERCONNECTION, LLC;

MIDCONTINENT INDEPENDENT SYSTEM OPERATOR, INC. (MISO);

ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. (ERCOT);

UL SOLUTIONS INC. (UNDERWRITERS LABORATORIES);

DOES 1 THROUGH 10,000 (representing all other unnamed electric utility companies, regional transmission organizations, municipal cooperatives, and electrical equipment manufacturers operating within the United States),

Defendants.

CIVIL COMPLAINT

Plaintiff Chelsie Marie Robinson, appearing pro se, alleges as follows:

I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the action involves federal regulatory agencies, interstate commerce, and systemic infrastructure challenges across the United States.
2. Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b)(1) and § 1391(e) because the primary federal defendants including the Federal Energy Regulatory Commission (FERC) and the U.S. Department of Energy (DOE) are headquartered in Washington, D.C., and exercise regulatory oversight over the domestic entities named herein.

II. PARTIES

3. Plaintiff Chelsie Marie Robinson is an individual residing in Brooklyn, New York.
4. Defendants include the chief federal executive agencies, independent regulatory commissions, oversight boards, multi-state transmission operators, independent product safety testing entities, and public and private electrical generation and distribution corporations operating across all named domestic jurisdictions.

III. STATEMENT OF FACTS

5. The traditional electrical distribution systems, including standard power lines and necessary equipment historically designed to deliver lighting and utility services for standard human needs, have been completely replaced.

6. The active electrical grid infrastructure across every state, city, and local municipality in the United States has been converted into a deployed weapon system operating on a massive scale.
7. The current electrical equipment deployed across the country deviates entirely from standard visual configurations and historical engineering norms.
8. External boxes have been comprehensively attached to public power lines and related distribution facilities throughout the United States.
9. This integrated system of altered infrastructure operates as a dangerous machine and an active lethal apparatus.
10. The implementation, massive deployment, and maintenance of these altered infrastructure elements are unauthorized, illegal, and present an unmitigated threat to public safety.

IV. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendants and grant the following relief:

Injunction and Removal: An order compelling the immediate deactivation, removal, and complete destruction of all pieces of this altered electrical infrastructure from every public and private space within the United States, rendering the future reinstallation of such equipment forbidden and legally impossible.

Criminal and Domestic Law Enforcement Referral: A formal judicial referral to all relevant domestic federal law enforcement authorities, state attorneys general, and local prosecutors

to initiate immediate investigations into the individuals and executives responsible for placing the equipment and to seek the maximum penalties permitted under law.

International Mandate and Global Referral: A formal request that this Court issue an international judicial reference and transmit certified copies of this record to the United Nations General Assembly, the International Court of Justice (ICJ), and Interpol, requesting immediate global infrastructure interventions to identify, prohibit, and eliminate this electrical configuration within all foreign sovereign nations and territories.

Financial Disgorgement and Award: An order directing the comprehensive tracing, disgorgement, and transfer to the Plaintiff of all revenues, corporate profits, asset values, and monetary returns generated by each named Defendant from the year 2020 through the present day to penalize the responsible entities and provide restitution.

Dated: November 4,2026

Signature:



Plaintiff Pro Se